UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CORNELIUS CLEMONS,**

      **Plaintiff,**

  v.                               **Civil Action 2:20-mc-50**
                                         **Judge Edmund A. Sargus, Jr.**
                                         **Magistrate Judge Chelsey M. Vascura**

**MIKE DEWINE,**

      **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion Pursuant to FRCP 60(b)(1, 4, 5 & 6) for Relief from A Judgment or Order (ECF No. 9). Plaintiff seeks relief from this Court's Order of November 17, 2020 (ECF No. 2), in which the Court (1) declined to allow Plaintiff to commence a new action, (2) reiterated its previous finding that Plaintiff is a vexatious litigator, and (3) enjoined him from filing any new actions without submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating there is a good faith basis for the claims Plaintiff seeks to assert.[1] Plaintiff previously sought, and was denied, amendment of the November 17, 2020 Order under Federal Rule of Civil Procedure 59(e). (ECF No. 7.) Plaintiff now seeks relief under Federal Rule of Civil Procedure 60(b)(1), contending that his many failures to assert a claim on which relief can be granted should be attributable to excusable neglect, and under Rule 60(b)(4)–(6), contending that applying the November 17, 2020 Order prospectively would not be equitable, that the Order is void because it prevents

---

[1] The numerous filings by Plaintiff that led to his status as a vexatious litigator are detailed in the November 17, 2020 Order and will not be repeated here.

Plaintiff from obtaining relief under the law, and that retention of counsel to review and endorse a proposed complaint is impracticable.

Plaintiff has not set forth grounds for relief from the November 17, 2020 Order. Rule 60 of the Federal Rules of Civil Procedure provides for relief from judgment in certain circumstances:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). To grant or deny a motion for relief from judgment under Rule 60(b) is within the sound discretion of the trial court. *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (citations omitted). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Charter Township of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (citations omitted).

Plaintiff's motion fails to satisfy the criteria of any of Rule 60(b)(1), (4), (5), or (6). Plaintiff merely argues that any deficiencies in his previous filings should be excused on grounds that he lacks the assistance of counsel, and he provides no facts or argument on which the Court

can rely to conclude that the Order is void, that applying the Order prospectively is no longer equitable, or any other reason justifying relief.  Plaintiff's mere disagreement with the Order does not mean that it is void or that its application would be inequitable; nor does Rule 60(b) provide Plaintiff with a second chance to argue his case.  *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.")  Accordingly, Plaintiff's Motion (ECF No. 10) is **DENIED**.

Plaintiff has already filed Notices of Appeal of the November 17, 2020 Order (ECF No. 3) and of the December 14, 2020 Order denying his motion under Rule 59(e) (ECF No. 9).  In relevant part, Rule 24 of the Federal Rules of Appellate Procedure provides as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization unless:
>
> > (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> >
> > (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3).  Here, the Court concludes that any appeal of this action would not be taken in good faith because, as outlined in the November 17, 2020 and December 14, 2020 Orders, good cause exists for the Court to exercise its inherent authority to further restrict Plaintiff's filing rights.

For these reasons, the Court again **CERTIFIES** pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal of the above-captioned action would *not* be taken in good faith.  Plaintiff has already filed motions for leave to proceed on appeal *in forma pauperis* in the

3

United States Court of Appeals for the Sixth Circuit (6th Cir. Case No. 20-4278, ECF No. 4–5, 12–13) and those motions await decision by the Court of Appeals.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE


/s/ *Edmund A. Sargus, Jr.*
EDMUND A. SARGUS, Jr.
UNITED STATES DISTRICT JUDGE